**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GATUBHAI MISTRY, Lead Plaintiff;
et. al.,

            Plaintiffs - Appellants,

 v.

QUALCOMM, INC.; et al.,

            Defendants - Appellees.

No.   20-56178

D.C. No. 3:18-cv-01208-CAB-
AHG

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Before:  BYBEE and BENNETT, Circuit Judges, and BATAILLON,** District
Judge.

Court-appointed lead plaintiff, Gatubhai Mistry and other Qualcomm

investors (Investors), appeal the district court's dismissal under Federal Rule of Civil

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **     The Honorable Joseph F. Bataillon, United States District Judge for the
District of Nebraska, sitting by designation.

Procedure 12(b)(6) of their second amended complaint (SAC) alleging violations of Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5. We review Rule 12(b)(6) dismissals de novo. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This action involves an unsuccessful bid by a Singapore chipmaker, Broadcom, to acquire Qualcomm, a United States chipmaker. The Investors generally allege that false or misleading statements or omissions by Qualcomm in connection with an unsuccessful hostile take-over bid—a deal that was eventually blocked by regulatory action and an executive order from then-President Donald Trump—resulted in a drop in Qualcomm's stock share price.

Broadcom offered to acquire Qualcomm in November 2017, for a share price that was approximately 30% over Qualcomm's share price at the time. Although Qualcomm's board rejected the offer, Broadcom persisted in efforts to acquire the company. Broadcom launched a proxy fight, writing to shareholders and urging them to vote to replace Qualcomm's board of directors. The Investors contend that Qualcomm engaged in a secret scheme to interfere with Broadcom's attempted acquisition by lobbying lawmakers and complaining to the Committee on Foreign Investment in the United States (CFIUS), a federal interagency committee that evaluates the national security implications of foreign investments in U.S.

companies, while outwardly assuring shareholders and potential investors that it was pursuing the merger in good faith.

On appeal, the Investors argue that the district court erred in dismissing their securities fraud class action for failure to adequately plead falsity, scienter, and loss causation.

1. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Federal Rule of Civil Procedure 9(b) requires that a party "state with particularity the circumstances constituting fraud." To state a claim in a private civil action under Section 10(b) and Rule 10b–5, a plaintiff must allege "(1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance . . . ; (5) economic loss; and (6) 'loss causation,' *i.e.*, a causal connection between the material misrepresentation and the loss[.]" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005) (citations omitted). These allegations "are subject to heightened pleading requirements" imposed by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4(b)(1)–(2)(A). *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020).

2.     We find no error in the district court's finding that the Investors failed to allege falsity in their SAC.

> [T]o properly allege falsity, a securities fraud complaint must . . . "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, . . . state with particularity all facts on which that belief is formed."

*In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 877 (9th Cir. 2012) (third alteration in original) (quoting 15 U.S.C. § 78u-4(b)(1)).

The Investors allege facts in their SAC showing that Qualcomm made it clear from the outset that its directors and officers opposed the deal. On November 12, 2017, in a press release, Qualcomm stated "the Board has concluded that Broadcom's proposal dramatically undervalues Qualcomm and comes with significant regulatory uncertainty." Qualcomm told shareholders and potential investors that Broadcom's offer "pose[d] unacceptable regulatory risks, and significant regulatory uncertainty[,]" "regulatory approval was highly uncertain; at least [an] 18 month process[,]" "Broadcom's opportunistic proposal dramatically undervalues Qualcomm and there is significant doubt about whether it can ever be completed[,]" and explicitly informed them that "any divestiture to a non-U.S. buyer must be approved by the Committee on Foreign Investment in the United States (CFIUS)."

We reject the Investors' argument that, despite these statements, Qualcomm downplayed the risk of regulatory oversight by CFIUS. Negotiating in good faith is not necessarily incompatible with having sincere regulatory, antitrust, and national security concerns. Also, Qualcomm's statements regarding good faith negotiations came with significant qualifications and caveats. CFIUS's and the administration's subsequent actions were not foreseeable in a way that would have given rise to a duty to provide any more definite qualifying statements.

3. We also find no error in the district court's finding that the Investors failed to plead scienter. To satisfy the requisite state of mind element, a complaint must allege that the defendant made false or misleading statements either intentionally or with deliberate recklessness. *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012). A complaint will survive a Rule 12(b)(6) motion to dismiss "only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007). The Investors have not alleged facts from which a reasonable person could draw equally plausible opposing inferences of Qualcomm's intent.

4. We further find no error in the district court's conclusion that the Investors failed to adequately plead loss causation. Loss causation is shorthand for the requirement that "investors must demonstrate that the defendant's deceptive

20-56178

conduct caused their claimed economic loss." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 807 (2011). The Investors have not alleged a causal connection between the allegedly wrongful statements and omissions in late 2017 and early 2018 and the stock-price drop. They allege the public learned of a U.S. Senator's letter to the Treasury Secretary urging a CFIUS review via a national news report on February 26, 2018. On March 4, 2018, CFIUS ordered Qualcomm to postpone its board elections for 30 days. The stock did not drop appreciably until one week later, and dropped again after then-President Trump issued the Executive Order blocking the deal on March 12, 2018.

**AFFIRMED.**